IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § § § |
| v. | §   3:15-CR-432-M |
| | § |
| JUAN ALEMAN-ESCAMILLA (01), | § |
| MARIO SOSA-SILVA (02), | § |
| ADUATO OLVERA (03), | § |
|    aka Wauchito, | § |
| JOSE GUADALUPE LARA (04), | § |
|    aka Lupillo, | § |
| VICTOR AGUILAR (05), | § |
|    aka Hugo; El H, | § |
| GERARDO BADILLO LOPEZ (06), | § |
| JESUS BRAVO-OROZCO (07), | § |
| NAIN GOMEZ-JUAREZ (14), | § |
| OSIEL GOMEZ-SANCHEZ (15), | § |
| RAFAEL GONZALEZ-LUCATERO (17), | § |
|    aka Padrino; aka Rafa, | § |
| IRAN HERNANDEZ-MARTINEZ (21), | § |
| JOSHUA LEON (22), | § |
| JOSE MONTES, JR. (30), | § |
| JUAN ANGEL NAVARRO (31), | § |
|    aka Juanito, | § |
| IGNACIO SANCHEZ (35), | § |
|    aka Nacho, | § |
| FRANCISCO SOLIS (36), | § |
|    aka Slim, | § |
| PATRICIA TORRES (37), | § |
|    aka Martha, | § |
| RAUL TORRES ZAMORA (38), | § |
| ALFONSO TOSCANO-SANCHEZ (39), | § |
|    aka Miguel Montanez, | § |
| CRISTIAN VALENCIA-ZAMORA (40), | § |
| JUAN VARGAS-CAMACHO (41), | § |
|    aka Ballecito, | § |
|      Defendants. | § |

**MEMORANDUM OPINION AND ORDER
CONTINUING THE TRIAL DATE AND PRETRIAL DEADLINES AND
DESIGNATING CASE AS COMPLEX**

On the 4th day of December, 2015, the Court considered the Government's Unopposed Motion to

Have Case Declared Complex and to Continue Trial Date and Pretrial Deadlines, filed December 2,

2015, and having considered and reviewed the facts surrounding said Motion, and the arguments of counsel for continuing the trial date of this matter, and without opposition from the co-defendants already set for trial on January 4, 2016, **GRANTED** the Motion and vacated the January 4, 2016 trial setting.

Due to the recent appearances of co-defendants Joshua Leon (22), and Patricia Torres (37) on November 18, 2015, and Jesus Bravo-Orozco (07) on November 20, 2015, the Court finds that the trial date for those defendants who were set for a trial on January 4, 2016, should be extended beyond the Speedy Trial Act deadline. Conducting one trial for all named defendants in the superseding Indictment, filed October 7, 2015, preserves judicial and prosecutorial resources in the interest of judicial economy. See 18 U.S.C. § 3161(h)(6); 3161(h)(7)(A).

Additionally, the Court has considered the Government's unopposed motion and the arguments for declaring the case complex and for continuing the case set forth therein. The superseding Indictment charges 41 defendants in two related conspiracies that were investigated for over a year and a half. Moreover, the government maintains that the discovery materials are voluminous and include electronic data estimated to be 62 gigabytes from numerous electronic devices, searches, subpoenas, voluntary disclosures, and other investigative methods.  Part of the discovery includes thousands of telephone calls and texts in Spanish.

Bases on the reasons cited in the government's unopposed motion, the Court finds that this case is so complex within the statutory definition of 18 U.S.C. § 3161(h)(7)(B)(ii) that, for the reasons cited in the motion, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by 18 U.S.C. § 3161.  The Court therefore finds that the ends of justice served by the granting of a trial continuance for the duration requested by the parties outweigh the best interest of the public and the defendants in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A).

It is hereby **ORDERED** that the trial shall be **CONTINUED** to **Monday, June 6, 2016, at 9:00 a.m.** The final pretrial conference is also **CONTINUED** to **Monday, June 6, 2016, at 8:30 a.m.**, to be held prior to the commencement of trial.

Defendants' pretrial motions, if any, shall be filed by **May 13, 2016**, and the Government's responses thereto, by **May 20, 2016**.

If any defendant desires to move for a continuance of the trial setting, that defendant must diligently attempt to confer and obtain the agreement of all other parties, including co-defendants. The Court will not allow a continuance to be used to effectuate a severance. If a severance is desired, a motion for severance must be filed. Severance motions are not generally favored.

**Initial Designation of Experts:** Unless otherwise stipulated or directed by Order, any party with the burden of proof on an issue shall file a written designation of the name and address of each **expert witness** who will testify at trial on such issue(s) and otherwise comply with Rule 16(a)(1)(G), Fed. R. Crim. P., on or before **May 9, 2016**.

**Responsive Designation of Experts:** Any party without the burden of proof on an issue but who wishes to utilize an expert witness shall file a written designation of the name and address of each **expert witness** who will testify at trial for that party on such issue(s) and shall otherwise comply with Rule 16(a)(1)(G) on or before **May 16, 2016**.

**Objections to Experts:** Objections to the qualifications or competency of experts, sometimes referred to as <u>Daubert</u> motions, <u>must</u> be made in a written motion filed no later than **May 23, 2016**.

Requested voir dire questions, proposed jury instructions (both e-filed and emailed in "Word" format to the email address lynn_orders@txnd.uscourts.gov), witness lists (with witnesses designated as "custodial", "expert", or "fact", as well as "probable" or "possible"), exhibit lists (with copies of exhibits furnished to the Court and opposing parties), and motions in limine must be filed no later than **May 31,**

**2016**. The list of exhibits shall describe the documents or items in numbered sequence. The documents or items to be offered as exhibits shall be numbered by attachment of gummed labels to correspond with the sequence on the exhibit list. **Do not use letter suffixes to identify exhibits (e.g., designate them as 1, 2, 3, not as 1A, 1B, 1C)**. In addition, counsel for each party intending to offer exhibits shall exchange a set of marked exhibits with opposing counsel and shall **deliver a set of marked exhibits to the Court's chambers** (except large or voluminous items that cannot be easily reproduced). Exhibits are to be placed in three-ring binders, including numbered tabs, and each binder is to be labeled with the style of the case, case number, name of the party, and volume number of the binder. A copy of the exhibit list must be furnished to the court reporter prior to trial. Counsel for the parties shall be prepared to submit to the jury, to accompany all exhibits that have been admitted, an index of such exhibits, with neutral descriptions of the exhibits, including where possible the author and date of each. During trial, witnesses are to be called by their last, not first, names.

Judge Lynn enforces the rules of limited cross examination at trial. Redirects and recrosses are limited to the subject of the immediately preceding examination. **Each party is responsible for keeping track of which exhibits are admitted during trial, to confer with opposing counsel on a consolidated list, and to submit it as a table of contents to accompany the exhibits to the jury room and to file of record in the case.** If the parties have electronic evidence they intend to admit as exhibits and send back to the jury room, the parties need to bring the necessary equipment to play it in the jury room. If the documentary exhibits offered by the parties during trial are more than 15 pages, those exhibits shall be submitted to the Court Coordinator on CD at the conclusion of the trial.

If the government intends to call as witnesses persons who are under indictment but who have not been found guilty by the District Court where the indictment is pending, or if the government has reason to believe that it will ask questions of a witness, the answer to which may tend to incriminate the witness, and immunity has not been extended, the Assistant United States Attorney trying the case

shall advise the Court of that fact before the witness testifies.

All counsel are directed to advise the Court at least four (4) days before trial, if a plea agreement has been reached.  If such an agreement has been reached, except in unusual circumstances where such cannot reasonably be done, counsel are to furnish an executed copy to the Court at least three (3) days before trial.

Counsel should be mindful that a last-minute trial cancellation inconveniences all the citizens who have come to serve as jurors and wastes taxpayer money.  To avoid such a cancellation, counsel should complete plea negotiations prior to the date scheduled for trial.

Additionally, counsel for each defendant should ensure that the defendant has appropriate court attire to wear on the day of trial. If the defendant is incarcerated, defense counsel should ensure that appropriate court attire is either transported with the defendant from the prison facility or that such attire is made available to the defendant at the Marshals Service office shortly after the defendant.

SO ORDERED.

DATED:	December 30, 2015.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS